{¶ 23} I respectfully dissent.
 {¶ 24} The majority contends that the letter at issue does not qualify as a privileged communication pursuant to R.C. 2317.02 because it does not contain confidential communication received from a client or advice given to a client. I disagree.
 {¶ 25} R.C. 2317.02 provides in part:
 {¶ 26} "The following persons shall not testify in certain respects:
 {¶ 27} "***
 {¶ 28} "(G)(1) A school guidance counselor who holds a valid educator license from the state board of education as provided for in section 3319.22 of the Revised Code, a person licensed under Chapter 4757. of the Revised Code as a professional clinical counselor, professional counselor, social worker, independent social worker, marriage and family therapist or independent marriage and family therapist, or *Page 8 
registered under Chapter 4757. of the Revised Code as a social work assistant concerning a confidential communication received from a client in that relation or the person's advice to a client ***."
 {¶ 29} In the instant case, Ball voluntarily enrolled as an inpatient at Turning Point on May 12, 2008, before charges were filed against her. Canales, the Director of Clinical Services, authored the letter at issue. Thus, she is bound by R.C. 2317.02, which creates a privilege in Ball that governs dissemination of information contained in the Turning Point records. Although R.C. 2317.02 contains exceptions, none apply to the present matter. Because I believe a privilege exists, there was no legal basis for disclosure of the information contained in the letter at the sentencing hearing without Ball's consent and/or any statutory exception. Thus, the admission of the letter over counsel's objection violated Evid. R. 101 and was prejudicial to Ball due to the sentence that was imposed upon her.
 {¶ 30} For the foregoing reasons, I dissent from the majority. *Page 1